UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOKOPELLI COMMUNITY WORKSHOP CORPORATION, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10CV1605 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT BY DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND BILL KOCH AND GRANTING STEPHEN WICHMANN'S MOTION TO DISMISS** |

　　　　Pending before the Court are motions to dismiss Plaintiffs' Third Amended Complaint ("TAC") by (1) Defendants Select Portfolio Servicing, Inc. ("SPS") and Bill Koch and (2) Defendant Stephen Wichmann. For the following reasons, SPS and Koch's motion to dismiss is granted in part and denied in part and Wichmann's motion to dismiss is granted.

**I.**

**BACKGROUND**

　　　　On November 7, 2005, Plaintiffs obtained a refinance mortgage loan from Novelle Financial Services in the amount of $649,000.00, secured by a Deed of Trust on the subject property, which

Plaintiff Betty Bryan purchased in 1950. (TAC ¶¶ 2, 46; SPS RJN Ex. 1.[1]) Plaintiffs allege they sent a notice of rescission to Defendants pursuant to the Truth in Lending Act, dated February 5, 2007. (*Id.* ¶¶ 29, 140.) Subsequent to the rescission, Plaintiffs made an additional approximately $80,000 in payments to Defendants. (*Id.* at ¶¶ 282-83.) Nonetheless, a Notice of Default was recorded on June 19, 2008. (SPS RJN Ex. 2.) Plaintiffs filed a Complaint in San Diego Superior Court on November 3, 2008. (TAC ¶¶ 37, 49.) An Assignment of the Deed of Trust transferring the Deed to MTGLQ Investor, LP was recorded on December 15, 2008. (SPS RJN Ex. 3.) Plaintiff Betty Bryan filed for Chapter 13 bankruptcy on November 4, 2008. (TAC ¶ 122.) On March 23, 2009, Plaintiffs Betty Bryan and Catherine Bryan recorded a Grant Deed deeding their interest in the subject property to Kokopelli Community Workshop Corporation. (SPS RJN Ex. 4.) A Trustee's Deed Upon Sale was recorded on October 30, 2009, granting to MTGLQ Investors, LP all interest in the subject property under the Deed of Trust. (SPS RJN Ex. 5.) This action was removed to this Court on August 2, 2010. (Doc. 1.) Plaintiffs subsequently filed the TAC on October 8, 2010. (Doc. 9.)

In the TAC, Plaintiffs allege SPS "is a mortgage servicing corporation . . . who shares one common corporate address and national legal department with Defendant MTGLQ Investors, LP and is directly owned by defendant Goldman Sachs Bank." (TAC ¶ 20.) Plaintiffs further allege "Defendant, Bill Koch, was an agent and document control officer for Select Portfolio Servicing Inc. F/K/A Fairbanks Capital Corporation." (*Id.* at ¶ 26.) Koch also signed the Assignment of Deed of Trust on behalf of SPS. (*Id.* at ¶ 123; SPS RJN Ex. 3.) Plaintiffs allege "Defendant Stephen C. Wichmann was an agent and attorney for MTGLQ Investor's, LP[,] a subsidiary division of Goldman Sachs." (TAC ¶ 27.)

The TAC includes 18 claims for relief: (1) violation of the Truth in Lending Act ("TILA"), (2) violation fo the California Rosenthal Fair Debt Collection Practices Act, (3) violation of the Fair Debt

---

[1] In support of their motion to dismiss, Defendants SPS and Koch request the Court take judicial notice of the following documents: (1) Deed of Trust, (2) Notice of Default, (3) Corporate Assignment of Deed of Trust, (4) Grant Deed, and (5) Trustee's Deed Upon Sale. A court may take judicial notice of facts that are not subject to reasonable dispute and are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As the documents are matters of public record subject to judicial notice under Federal Rule of Evidence 201, Defendants' request for judicial notice is granted.

Collection Practices Act, (4) wrongful foreclosure, (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), (6) breach of fiduciary duty, (7) fraud–intentional misrepresentation, (8) fraud–negligent misrepresentation, (9) violation of California Business and Professions Code § 17200, (10) breach of contract, (11) breach of implied covenant of good faith and fair dealing, (12) violation of California Civil Code § 2923.5, (13) quiet title, (14) elder abuse-violation of Welfare and Institutions Code § 15610, (15) rescission, (16) accounting, (17) to set aside trustee's sale, and (18) to cancel the trust deed. Defendants Bill Koch and SPS filed the pending motion to dismiss the claims against them on October 28, 2010. (Doc. 13.) An opposition, reply, supplemental opposition, and sur-reply were filed. (Docs. 16, 20, 40, 42.) Defendant Wichmann filed the pending motion to dismiss the claims against him on January 24, 2011. (Doc. 36.) Plaintiffs did not file an opposition to Defendant Wichmann's motion to dismiss.

## II.

## LEGAL STANDARD

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to

determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## III.

## DISCUSSION

**A.  Defendants SPS and Koch's Motion to Dismiss**

**1.  Failure to Tender**

As an initial matter, Defendants argue Plaintiffs' entire TAC must be dismissed because, in order to challenge a foreclosure sale or to bring any claim that arises from a foreclosure sale, a plaintiff must allege tender. The tender requirement–an allegation of payment of the indebtedness or an offer in good faith and the ability to pay the indebtedness–applies to any claim for relief for irregularity in a foreclosure sale. *Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (1996); *Karlsen v. Am. Sav. & Loan Ass'n.*, 15 Cal. App. 3d 112, 117 (1971). The tender requirement also applies to bar any claim "implicitly integrated" in the foreclosure sale. *Arnolds Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 579 (1984). Here, however, Plaintiffs repeatedly allege they attempted to tender the full amount of their indebtedness via a refinance in 2007 and, but for the inaction of SPS, would have so refinanced. (SAC ¶¶ 40, 59-60, 119, 140, 278, 304.) Furthermore, Plaintiffs state "[w]hen plaintiff's substantial equity has been restored to plaintiff and plaintiff's title is free and clear, Plaintiff stands quite ready to tender upon rendering of a judicial determination of any amount of alleged loan that is judicially determined." (*Id.* at ¶ 265.) Accordingly, Defendants' motion to dismiss on this basis is **denied**.

**2.  TILA**

Defendants move to dismiss Plaintiffs' claim for violation of TILA on the basis that they were not involved with the origination of the loan. However, as Defendants acknowledge, "the TILA allegations that pertain to SPS revolve around the purported rescission of the loan," and not disclosures at the time of the origination of the loan. (Reply at 3.) Plaintiffs essentially allege they were not provided with the requisite disclosures under TILA, they subsequently and timely exercised their right to rescind the mortgage pursuant to TILA, and SPS acted wrongfully in relation to the alleged rescission. Accordingly, Plaintiffs have stated a plausible claim for violation of TILA by Defendants and Defendants' motion to dismiss this claim is **denied**.

### 3. Debt Collection Practices Acts

Defendants move to dismiss Plaintiffs' claims for violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and the federal Fair Debt Collection Practices Act ("FDCPA") on the basis that the TAC does not contain allegations that Defendants are debt collectors within the meaning of the acts.[2] However, Defendants offer no discussion of what it means to be a "debt collector" under either statute and merely state the TAC "does not allege facts to support the allegation that SPS is a debt collector within the meaning of the RFDCPA or the FDCPA." (MTD at 5.) The TAC, however, refers to "debt collection Defendant Select Portfolio." (TAC ¶ 135). Defendants also summarily state that the activity of foreclosing on a property is not the collection of a debt within the meaning of the Acts and cite to one case–*Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)–in support. The Court in *Hulse*, in analyzing a claim under the FDCPA, held that "[f]oreclosing on a trust deed is distinct from the collection of the obligation to pay money." 195 F. Supp. 2d at 1204. The holding in *Hulse*, however, has been questioned and found to be overly broad. *See Allen v. United Fin. Mortg. Corp.*, No. 09-2507 SC, 2010 WL 1135787, at *6 (N.D. Cal. Mar. 22, 2010); *see also Harvey G. Ottovich Revocable Living Trust v. Washington Mut., Inc.*, No. C 10-2842 WHA, 2010 WL 3769459, at *4 (N.D. Cal. Sept. 22, 2010). Furthermore, Plaintiffs here allege Defendants did more than merely wrongfully participate in foreclosure proceedings; they allege Defendants repeatedly obfuscated the truth with regard to and refused to substantiate the loan amount. Accordingly, Defendants have failed to meet their burden of establishing Plaintiffs' failure to state a plausible claim for relief and their motion to dismiss this claim is **denied**.

### 4. Wrongful Foreclosure

Plaintiffs bring a wrongful foreclosure claim against Defendants SPS, MTGLQ Investors, LP, and Rick Ardissoni. SPS argues Plaintiffs' claim for wrongful foreclosure should be dismissed as to

---

[2] The FDCPA states "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The RFDCPA states "[t]he term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law." Cal. Civ. Code § 1788.2(c).

it because Defendant MTGLQ actually foreclosed upon the property, Plaintiffs did not validly rescind the mortgage because they did not tender, and Plaintiffs' right to rescind was extinguished upon the sale of their home. As discussed above, Plaintiffs have sufficiently alleged tender. Furthermore, Plaintiffs have clearly alleged the rescission of their mortgage within the three-year period provided by TILA and the Court is not in a position to determine the rescission was invalid as a matter of law at this time based upon Defendants' motion to dismiss. Accordingly, SPS's motion to dismiss the wrongful foreclosure claim is **denied**.

### 5. RESPA

Defendants argue Plaintiffs' claims under RESPA fail because they are time-barred and because the letter sent to SPS by Plaintiffs did not constitute a qualified written request pursuant to 12 U.S.C. § 2605(e), citing an exhibit to Plaintiffs' Second Amended Complaint. The Court is not persuaded by Defendants' arguments. Although Defendants make much of the requirement that a qualified written request relate to the servicing of the loan, they neglect to address the actual language of the letter Plaintiffs allege constitutes a qualified written request, which requests information regarding "loan disbursements, charges, all payments paid to date, and the principal balance," all of which relate to the servicing of the loan. As to Defendants' argument that Plaintiffs' claim under RESPA is time-barred, a three-year statute of limitations applies to claims under § 2605. 12 U.S.C. § 2614. The TAC states "[o]n February 5, 2007 Plaintiffs sent a Qualified Written Request (QWR) . . . to Defendant Select . . . ." (TAC ¶ 181.) Although more than three years have elapsed since Plaintiffs sent this request, in their Opposition, Plaintiffs indicate they raised this claim as to SPS in their original Complaint, filed in Superior Court on November 3, 2008. (Opp. at ¶ 14-15.) Accordingly, Defendants' motion to dismiss this claim is **denied**.

### 6. Breach of Contract

Defendants argue Plaintiffs' claims for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing should be dismissed as to them because neither SPS nor Koch were party to the Deed of Trust or the Note. To state a claim for breach of contract, a plaintiff must allege the existence of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and damages as a result of the breach. *CDF Firefighters v. Maldonado*, 158 Cal.

App. 4th 1226, 1239 (2008). The basis for Plaintiffs' breach of contract claim against SPS appears to be its "failure to provide verification of mortgage and substantiation of Betty Bryan's mortgage debt." (TAC ¶ 237.) However, Plaintiffs do not allege the existence of a contract between them and SPS or Koch. Accordingly, the Court **grants** Defendants' motion to dismiss the breach of contract claim **with leave to amend**.

### 7. Breach of Good Faith and Fair Dealing

Defendants argue this claim should be dismissed as against them because it is based upon the idea that a fiduciary relationship existed between Defendants and Plaintiffs and because such a claim is limited to assuring compliance with the express terms of a contract, which they were not party to. The implied covenant of good faith and fair dealing is limited to enforcing compliance with the express terms of a contract. *See Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1033-34 (1992). As Plaintiffs have failed to allege the existence of a contract between them and Defendants, this claim is **dismissed with leave to amend**.

### 8. Breach of Fiduciary Duty

Defendants further argue they owe no fiduciary duty to Plaintiffs, citing two cases for the proposition that a lender does not owe a fiduciary duty to a borrower in the context of an ordinary lender-borrower relationship. (MTD at 10.) Defendants then state, without citation, "as the former loan servicer and an agent and attorney-in-fact for the former investor of the loan, SPS as a matter of law, does not owe a fiduciary duty to Plaintiffs." (*Id.*) Although the Court is not convinced by Defendants' conclusory statements that a loan servicer may never owe a fiduciary duty to a borrower as a matter of law, the Court finds the TAC does not allege a fiduciary relationship between Plaintiffs and Defendants, but merely alleges "[b]y failing TO COMPLY WITH HER RESCISSION, All other Defendants . . . aided and abetted in the breaches of the fiduciary duties owed by Defendant Demarco Fletcher." (TAC ¶ 200; *see also id.* at ¶ 199 ("The other Defendants owed a duty not to aid and abet the breach of fiduciary duty owed by Defendant Demarco Fletcher.").) Accordingly, Defendants' motion to dismiss this claim is **granted with leave to amend**.

### 9. Fraud

Plaintiffs assert a claim for fraud-intentional misrepresentation against several individual

1  Defendants, including Koch, and a claim for fraud-negligent misrepresentation against all Defendants. To recover for common law fraud under California law, Plaintiffs must demonstrate: (1) misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Super. Ct.,* 12 Cal.4th 631, 638 (1996). Unlike fraud, negligent misrepresentation does not require knowledge of falsity or intent to defraud. *Small v. Fritz Cos., Inc.*, 30 Cal.4th 167, 173-74 (2003). Rather, negligent misrepresentation may be shown when there is a false statement made by "one who has no reasonable ground for believing it to be true." *Id.* (citing Cal. Civ. Code § 1710(2)). However, both fraud and negligent misrepresentation claims are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C. D. Cal. 2003). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both federal law and state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003). A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995)(quotation omitted). The same is true for allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04. In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106 (quotation omitted).

Defendants argue Plaintiffs' allegations are not pled with the requisite particularity as to them as "[a]ll that can be ascertained [from the TAC] is that SPS, in its capacity as a loan servicer, recorded an Assignment of Deed of Trust and that Bill Koch, in his capacity as an employee of SPS signed the Assignment." (MTD at 11.) Defendants further argue the claim should be dismissed as to Koch because a corporate representative may only be held individually liable for damages resulting from physical harm, and not economic harm, to a plaintiff. The Court agrees Plaintiffs have failed to plead the elements of a claim for fraud, including the element of justifiable reliance, as to Defendants with the requisite particularity. Accordingly, Defendants' motion to dismiss Plaintiffs' claims for intentional and negligent misrepresentation is **granted with leave to amend**.

//

### 10. California Business & Professions Code § 17200

California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999)(citation and internal quotations omitted). Defendants argue this claim must be dismissed as against them because the TAC contains no allegations directed at them. However, as discussed above, Plaintiffs' claims as to Defendants' violations of other laws survive Defendants' motion to dismiss. Accordingly, Defendants have not demonstrated to the Court that Plaintiffs have failed to state a plausible claim for relief pursuant to § 17200 and Defendants' motion to dismiss this claim is **denied**.

### 11. California Civil Code § 2923.5

Defendants argue this claim must be dismissed as to them because California Civil Code § 2923.5(b) did not become effective until September 8, 2008 and the Notice of Default was recorded on June 19, 2008. (MTD at 13; SPS RJN Ex. 2.) Section 2923.5(c) requires a mortgagee, trustee, beneficiary, or authorized agent who filed a notice of default prior to the enactment of the section to include a declaration with the notice of sale stating that it had contacted the borrower to explore options to avoid foreclosure or had attempted to contact the borrower. Cal. Civ. Code § 2923.5(c). However, here, Plaintiffs do not include any allegations regarding the Notice of Sale. Rather, Plaintiffs allege the "Declaration of compliance with newly enacted Civil Code 2923.5 was attached to plaintiffs['] default, falsely stated that Defendant Select attempted to contact Plaintiff Betty Bryan to discuss her financial situation to avoid foreclosure." (TAC ¶ 253.) Furthermore, "the *only* remedy provided [by section 2923.5] is a postponement of sale before it happens." *Mehta v. Wells Fargo Bank, N.A.*, No. 10-CV-944 JLS (AJB), 2010 WL 3385020, at *6 (S.D. Cal. Aug. 26, 2010)(quoting *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 220-21 (2010)). Accordingly, Defendants' motion to dismiss this claim is **granted with prejudice**.

### 12. Quiet Title

Defendants argue Plaintiffs' claim to quiet title must be dismissed as to them because they do

1  not claim any adverse interest in the property. To state a claim to quiet title, "the complaint shall be
2  verified" and must include all of the following: (1) a legal description of the property and its street
3  address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse
4  claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer
5  for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Pro. §
6  761.020. Plaintiffs allege "Defendant Select has in addition submitted an additional unsubstantiated
7  claim to [bankruptcy] Trustee David Skelton, a secured claim of $89,000." (TAC ¶ 72.) However,
8  they state Defendant MTGLQ claims to be in current possession of the promissory note on the subject
9  property. (*Id.* at ¶¶ 72, 106, 124, 127.) Accordingly, Plaintiffs have not sufficiently alleged a claim
10 for quiet title as to Defendants and Defendants' motion to dismiss this claim is **granted with leave**
11 **to amend**.

12      **13.    Elder Abuse**

13      Defendants state "[f]inancial abuse of an elder occurs when any person or entity takes, secretes,
14 appropriates, or retains real or personal property of an elder adult to a wrongful use or with an intent
15 to defraud, or both; a 'wrongful use' is defined as taking, secreting, appropriating, or retaining property
16 in bad faith, which occurs where the person or entity knew or should have known that the elder had
17 the right to have the property transferred or made readily available to the elder or to his or her
18 representative." (MTD at 13-14; *see also* Cal. Welf. & Inst. Code § 15610.30.) Defendants argue that
19 Plaintiffs' allegations in support of this claim relate to purported misrepresentations in the loan
20 origination by the mortgage broker and property developer and, thus, the claim should be dismissed
21 as to them. However, in addition to alleging misrepresentations in the loan origination, Plaintiffs also
22 allege Defendants engaged in a wrongful foreclosure on the subject property in light of their
23 knowledge of Plaintiffs' alleged valid rescission. (*See* TAC ¶¶ 65, 269.) Defendants do not discuss
24 whether these allegations are sufficient to state a plausible claim for elder abuse in violation of
25 California Welfare and Institutions Code and Defendants' motion to dismiss this claim is therefore
26 **denied**.

27      **14.    Equitable Claims**

28      Defendants move to dismiss Plaintiffs' fifteenth through eighteenth claims–for rescission,

accounting, to set aside the trustee's sale, and to the cancel the trustee's deed, respectively–based on Plaintiffs' failure to tender.  This argument fails for the reasons discussed above.  Defendants also argue they did not conduct the foreclosure sale and did not have an interest in the property and therefore cannot rescind the loan, set aside the trustee's sale, or cancel the trustee's deed.

With respect to Plaintiffs' claim for rescission, Plaintiffs allege they have already validly rescinded the mortgage and Defendants failed to recognize such rescission and respond accordingly.  Therefore, Defendants' motion to dismiss this claim is denied.  Furthermore, SPS is listed as a contact on the Notice of Default and signed, through Koch, the Corporate Assignment of the Deed of Trust.  (SPS RJN Exs. 2-3.)  Accordingly, Defendants, by summarily stating they were "merely a loan servicer," have not met their burden of demonstrating Plaintiffs have failed to state claims for relief for rescission, to set aside the trustee's sale, and to cancel the trustee's deed and their motion to dismiss these claims is **denied**.

As to Plaintiffs' claim for an accounting, "[t]o be entitled to an accounting, a plaintiff must demonstrate at least one of the following: a breach of fiduciary duty, fraud, or that the accounts are complicated and there is a dispute as to whether the money is owed." *Miller v. Cal. Reconveyance Co.*, No. 10-CV-421 IEG (CAB), 2010 WL 2889103, at *9-10 (S.D. Cal. July 22, 2010)(citing *Union Bank v. Super. Ct.,* 31 Cal. App. 4th 573, 593-94 (1995)).  Plaintiffs here allege they have not been provided with documents substantiating the amount remaining on their mortgage, but believe that certain amounts paid have not been credited to their account and that the mortgage has not been equitably reduced pursuant to their alleged rescission.  (*See* TAC ¶¶ 75, 77.)  However, as discussed above, Plaintiffs have not sufficiently stated a claim for breach of fiduciary duty or fraud as to these Defendants and have not alleged the account is so complicated that a judicial accounting is necessary.  Accordingly, Defendants' motion to dismiss the accounting claim is **granted with leave to amend**.

**B.     Defendant Wichmann's Motion to Dismiss**

Defendant Wichmann's motion to dismiss is unopposed.  The Court, having read and considered the supporting memorandum and good cause appearing, hereby **grants** Defendant Wichmann's motion to dismiss **with prejudice**.

//

## IV.

## CONCLUSION

For the foregoing reasons, SPS and Koch's motion to dismiss is granted in part and denied in part and Wichmann's motion to dismiss is granted with prejudice. As the Court has herein granted Plaintiffs leave to amend certain of their claims, Plaintiffs may file an amended Complaint consistent with this Order within 20 days after the date of this Order.

**IT IS SO ORDERED.**

DATED: February 22, 2011

_____
HON. DANA M. SABRAW
United States District Judge