

BETTY BRYAN,
Carlsbad, CA 92008
PLAINTIFF IN PRO SE

FILED

MAR 30 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

BETTY BRYAN,  CATHERINE BRYAN
and
KOPOPELLI COMMUNITY WORKSHOP
CORPORATION,

Plaintiffs,

v.

MTGLQ  INVESTORS, LP, AS A COMPANY
OWNED BY, GOLDMAN SACHS BANK, LITTON
LOAN SERVICE, AS A COMPANY OWNED BY
GOLDMAN SACHS BANK, GOLDMAN SACHS
BANK  AS ACTING TRUSTEE ON BEHALF OF
THE HOLDERS OF THE GSAMP TRUST 2006-
HE3 MORTGAGE PASS THRU CERTIFICATES,
SERIES 2006-HE3, DEMARCO FLETCHER,  IN
HIS CAPACITY AS BROKER AND SALES
AGENT FOR GOLDMAN SACHS BANK ,
BILL KOCH IN HIS CAPACITY AS AGENT FOR
SELECT PORTFOLIO SERVICING INC. F/K/A
FAIRBANKS CAPITAL CORP.
STEPHEN C WICHMANN IN HIS CAPACITY AS
AGENT FOR  GOLDMAN SACHS BANK  D/B/A
MTGLQ  INVESTORS, LP,
SELECT PORTFOLIO SERVICING, INC. F/K/A
FAIRBANKS CAPITAL CORPORATION,
RICK ARDISSONI.
AND DOES individuals 1 to 100,
inclusive; and ROES corporations
1 to 30, inclusive; and all other
persons and entities unknown claiming
any right, title, estate, lien, or
interest in the real property
described in the complaint adverse
to Plaintiffs ownership, or any
cloud upon Plaintiffs = title thereto,
does

Case No.   10-cv-1605-DMS-RBB

**MEMORANDUM IN SUPPORT OF
PLAINTIFF BETTY  BRYAN'S
MOTION FOR SUMMARY
JUDGMENT  ON FOURTEENTH
CAUSE OF ACTION;  CA.
WELFARE & INSTITUTIONS
CODE  §§15600 et seq. AND
RELATED CLAIMS FOR
PUNITIVE DAMAGES AND
ATTORNEYS' FEES**

**NO ORAL ARGUMENTS
REQUESTED**

**Location:  880 Front Street San Diego,
CA**

**Hearing:  May 6, 2011
Time: 1:30 pm
Dept.: 10
Judge:  Hon. Dana M. Sabraw**

# I.   INTRODUCTION

In accordance with Rule 56 of the Federal Rules of Civil Procedure Plaintiff Betty Bryan's Motion for Summary Judgment is based on indisputable facts that are not subject to litigation as follows;

Plaintiffs originally filed the complaint in November 3, 2008 to demand an equitably reduced mortgage loan payoff to enable a qualified tender of plaintiff Betty Bryans' mortgage debt, and stop defendant Select Portfolio Servicing (hereinafter SPS), and its agents and officers from pursuing a wrongful judicial foreclosure against plaintiff Betty Bryans' home of 60 years.

Although Plaintiffs' complaint was filed in November 3, 2008 , the Court should take into consideration that it is now March 28, 2011 and it is a matter of record that not one defendant named in the complaint has answered Plaintiffs complaint. Further records on file in this matter demonstrate that for over three years, Defendants have tried to forestall meeting their obligations to plaintiff Betty Bryan, an 87-year-old commercial lending fraud victim, through a variety of failed stratagems, including defendant SPS failure to facilitate a qualified tender through a bank refinance, defendant SPS refusal to acknowledge service of plaintiffs' complaint, subsequently followed by an array of Motions to Dismiss, and Demurrers to Plaintiffs' complaint. Most recently several defendants have improperly resorted to filing joint motions for extension of time and other strategies for delay, assisted by Plaintiffs' previous counsel of record , attorney Diane Beall.

Defendants' joint motions for extension of time were self-admittedly designed to allow all other Defendants to hold back answering Plaintiffs' claims to test whether defendant SPS was able to judicially get Plaintiffs' complaint dismissed. Defendants general failure to assist Plaintiff Betty Bryan as required by the consumer protection act to cancel the 2005 loan transaction cannot be disputed, nor can defendants' subsequent bad faith conduct, in failing to answer plaintiffs

- 2 -

1   complaint while meanwhile pursuing a non-judicial foreclosure followed by a failed attempt to

2   evict Plaintiff Betty Bryan from her home of 60 years.

3

4               II        STATEMENTS OF UNCONTESTED FACT

5               It is indisputable and a matter of court record that all these delays should be

6   considered dilatory as were defendants' improper and bad faith attempts to block and delay 87-

7   year-old Plaintiff Betty Bryan s' attempts to recover her rightful $2,000,000 in unused equity back

8   in February 5, 2007, when a readily available bank approved refinance was unfairly blocked by

9   defendant SPS, who was not inclined to provide the essential valid mortgage verification.

10  Defendant SPS Motion to Dismiss in fact did not dispute Plaintiff Betty Bryan's attempt to tender

11  though a qualified refinance, but rather merely stated that SPS was not obligated to equitably

12  reduce Betty Bryan s' mortgage debt to enable said refinance.

13

14  It is also indisputable and a matter of record that Plaintiff Betty Bryan, suffers from severe and

15  devastating disease of cancer, and was deprived for over four years (since February 5, 2007) of

16  comforts and relief that very costly medical treatments for cancer, that a timely legal recovery of

17  her $2,000,000 in unused equity should have easily provided to her.

18

19  It is also indisputable and a matter of record that Plaintiff Betty Bryan was defrauded of the funds

    from her 2005 loan contract, and defendant SPS has not actually disputed the fact that Plaintiff Betty

20  Bryan was defrauded, but rather laid all of the blame on the originating loan officers.  Nevertheless

21  on two separate occasions defendant SPS has offered Plaintiff Betty Bryan small out of court

22  settlements; $10,000 on the last occasion, through attorney Diane Beall . Defendant SPS does deny

23  that Plaintiff Betty Bryan was defrauded of her loan funds but rather has stated in written

24  communications delivered through counsel, that defendant SPS has only limited liability the acts

25  of elder financial fraud, as the servicer of the mortgage account. (Plaintiffs currently owe over

26

27                              - 3 -

28      MEMORANDUN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON FOURTEENTH CAUSE OF ACTION;
           WELFARE & INSTITUTIONS CODE §§15600 et seq. AND RELATED CLAIMS FOR PUNITIVE DAMAGES AND
                                        ATTORNEYS' FEES

$250,000 in outstanding attorney's fees, legal research and expert witness and other discovery costs related to this matter.

It is an indisputable and a matter of record that defendant SPS has admitted to some liability for elder financial abuse, so it is only the amount of defendant SPS liability which must be judicially determined. Defendant SPS amount of liability is not a genuine triable elder financial fraud issue. The fact Defendant SPS is liable has clearly not been disputed by Defendant SPS or any other defendant indicates it is not subject to litigation.

It is further indisputable and a matter of record that defendants; Litton Loan Service, MTGLQ Investors LP and Goldman Sachs Bank have long since missed their extended deadline as provided by joint motion for extension of time to dispute Plaintiff Betty Bryan's claims under; CA. WELFARE & INSTITUTIONS CODE §§15600 et seq.

This latter conclusion can be clearly confirmed by a review of the Court docket.

It is further indisputable and a matter of record that Plaintiff Betty Bryans' has suffered for want of medical treatment over three years, since her February 5, 2007 attempt to refinance her property failed due to simple lack of mortgage verification from defendant SLS, and Plaintiff Betty Bryan should not be subject to any further unnecessary delay in this matter.

While other issues in this case should rightfully proceed to discovery and trial, Plaintiff Betty Bryan is 87-years-old and her doctors indicate she may not survive until the end of the trial, and in that case any potential final judgment would not ever benefit Plaintiff Betty Bryan directly.

In short, there is no basis for further litigation of the elder financial fraud issues in this case, and there are multiple sound reasons and overwhelming reasons to grant Plaintiff Betty Bryan's summary judgment motion.

- 4 -

MEMORANDUN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON FOURTEENTH CAUSE OF ACTION;
WELFARE & INSTITUTIONS CODE §§15600 et seq. AND RELATED CLAIMS FOR PUNITIVE DAMAGES AND
ATTORNEYS' FEES

Plaintiff Betty Bryan's motion for summary judgment should accordingly be granted as the facts in this cause of action are undisputed and Summary Judgment on Plaintiff Betty Bryan's claims under CA. WELFARE & INSTITUTIONS CODE §§15600 et seq. is a necessary , proper and would provide overdue relief to an elder person.

## III.        LEGAL STANDARD ON SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. LibertyLobby, Inc., 477U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party hasmet its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and onwhich that partywill bear the burden of proof at trial." Celotex, 477U.S. at 322. Under Rule

- 5 -

56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477U.S. at 255. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

IV.     LEGAL BASIS OF CLAIMS UNDER WELFARE & INSTITUTIONS CODE
        §§15600 et seq.

Nine years ago, in a growing awareness of the problem of elder abuse, the California Legislature enacted the Elder Adult and Dependent Adult Civil Protection Act (EADACPA, or the Elder Abuse Act) to help protect elders and dependent adults from physical abuse, financial abuse, and neglect. (Welfare & Institutions Code §§15600 et seq.)

Under the Elder Abuse Act; abuse can mean physical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment resulting in physical harm or pain or mental suffering, or it can mean deprivation of goods or services that are necessary to avoid physical harm or mental suffering.

Under Welfare & Institutions Code §15610.07. Physical abuse is defined to include unreasonable physical constraint, or prolonged or continual physical deprivation. (Welfare & Institutions Code §15610.63.)

" Financial abuse under Welfare & Institutions Code §15610.30;  includes a situation in which a person or entity takes, secrets, appropriates, or retains the money or property of an elder or a dependent person for wrongful use, with intent to defraud, or in bad faith. (Welfare & Institutions

Code §15610.30.) Potential defendants thus include financial institutions, lenders and their servicing companies, and financial planners.

Neglect includes the negligent failure to exercise the degree of care that a reasonable person would exercise, including medical assistance or medical care; and protection from health and safety hazards. Welfare & Institutions Code §15610.57. For example, a physician who conceals a patient's severe bedsores and opposes medically necessary hospitalization commits elder abuse.( Mack v Soung (2000) 80 CA4th 966. )

In this matter at bar records show all defendants were fully informed as to plaintiff Betty Bryan fragile state and challenging medical condition; yet nevertheless engaged in and continue to engage in an unfair pattern and practice of tortious actions of wrongfully depriving Plaintiff Betty Bryan of her equity, home and property, thereby establishing Plaintiff Betty Bryan a case for punitive damages and further unfairly deprived Plaintiff Betty Bryan of costly medical care and persisted in tormenting plaintiff with a wrongful attempt to evict her from her home of 60 years while knowing that she lay in her sickbed recovering from painful surgery.

The evidence in this case is clear and indisputable that these acts taken in consideration with all the delaying tactics , indicate recklessness, oppression, fraud, or malice in abusing an elder together and in conspiracy for wrongful profit by foreclosing lender SPS , defendant MTGLQ Investors LP, and defendant Goldman as the parent company and creditor withholding the note, must also be implicated.

In accordance with Welfare & Institutions Code §15610.57, "If the plaintiff proves by clear and convincing evidence that a defendant is guilty of recklessness, oppression, fraud, or malice in abusing an elder or dependent adult, the court will award attorney's fees, costs, and damages for pain and suffering. Costs include reasonable fees for a conservator's services devoted to litigating the claim.

- 7 -

Triple Damages are available to plaintiff Betty Bryan Under;  Welfare & Institutions Code §15657(a). and, " the court must consider all relevant factors, including the value of the abuse-related litigation in terms of the quality of life of the elder or dependent adult, the results obtained, whether the defendant took reasonable and timely steps to determine the likelihood and extent of liability, and the reasonableness and timeliness of any written settlement offer." (Welfare & Institutions Code §15657. )

Damages  for pain and suffering are still recoverable after the victim's death, up to $250,000. Welfare & Institutions Code §15657(b). This provision makes a contingency case viable. If the victim dies before the lawsuit ends, the suit can be maintained by the executor or administrator, if any, or else by the victim's successors in interest. (Welfare & Institutions Code §15657.3(c); ARA Living Centers-Pacific, Inc. v Superior Court (1993) 18 CA4th 1556.)

The Elder Abuse Act authorizes a post-death recovery of  damages for the injuries suffered by a decedent prior to his or her death. (Welfare & Institutions Code §15657(b).)  On elder abuse claims that involve a person who passed away, an heir who is an additional  plaintiff will generally claim these enhanced damages.

The minimum standard of culpability that a plaintiff must meet to prove elder abuse is the standard of reckless neglect . In the context of an elder abuse case, "the term recklessness requires that the defendant have knowledge of the high degree of probability that dangerous consequences will result from his or her conduct and acts with deliberate disregard of that probability or with a conscious disregard of the probable consequences. " (Conservatorship of Gregory v Beverly Enterprises, Inc. (2000) 80 CA4th 514, 521 (approving jury instructions).)

The amount and timing of a settlement offer in elder abuse cases is very relevant. The court can consider prior written settlement offers or demands in making the determination of the amount of attorney's fees. (Welfare & Institutions Code §15657.2.)

MEMORANDUN IN SUPPORT OF  MOTION FOR SUMMARY JUDGMENT ON FOURTEENTH CAUSE OF ACTION;
WELFARE & INSTITUTIONS CODE §§15600 et seq. AND RELATED CLAIMS FOR PUNITIVE DAMAGES AND
ATTORNEYS' FEES

### V     Defendants Bear A "Heavy Burden" To
### Avoid Summary Judgement In This Case.

Summary judgment is proper where there is "no genuine issue of material fact"

and "the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty*

*Lobb_v, Inc.*, 477 U.S. 242, 247 (1986), *quoting Federal Rule of Civil Procedure 56(c)*

(emphasis in original). A genuine issue of material fact does not exist absent "specific facts

showing that there is a genuine issue for trial". *Fed.R.Civ.P. 56(e)*. There must be more than

"some metaphysical doubt as to the material fact" and more than the "mere existence of a

scintilla of evidence" to support the non-movant's position on those matters for which it will

have the burden of proof at trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574. 586 (1986); *Anderson, supra,* 477 U.S. at 252. Rather, "there must be evidence on

which the jury could reasonably find for the [non-movant]. " *Anderson, supra,* 477 U.S. at

### VI     CONCLUSION

After four years of struggling enforce her rights to demand an equitably reduced loan balance, it is

time for Plaintiff Betty Bryans' role as plaintiff in this case to come to an end. Plaintiff Betty Bryans'

interference claim is well grounded and has been completely demonstrated.

Plaintiff Betty Bryans has provided more than  sufficient evidentiary support, which every named

defendant has had ample opportunity to  oppose.  In over two years of ongoing litigation, defendants

have presented no clear and convincing evidence of a triable facts in opposition to Plaintiff Betty

Bryans'  claims of elder financial abuse.

Elderly Plaintiff Betty Bryan, has bravely gathered her merger resources  to litigate  these  claims for

over two  years all the while being unfairly  deprived of medical treatments and meanwhile lingered

in her sunset years in a state of unfair financial  deprivation.    Further, it should now be apparent,

defendants' bad faith delays, improper use of non-judicial foreclosure have and can have no merit as a matter of law.  Defendant MTGLQ  Investors L.P.  2009, "improper purpose of eviction court proceedings" to persecute  Elderly Plaintiff Betty Bryan was likewise  improper , has been  defeated by a jury and was  a clear indication of  guilty of recklessness, oppression, fraud, or malice in abusing an elder!  For all of the foregoing reasons, Plaintiff Betty Bryan respectfully requests  that the Court grant her summary judgment motion, and  enter an appropriate award of triple compensatory, punitive damages and attorney's fees and court costs in Plaintiff Betty Bryan's favor.

        Dated: March  28, 2011,

        Respectfully submitted,

        *Betty Bryan*

        BETTY BRYAN   Plaintiff *pro se*

MEMORANDUN IN SUPPORT OF  MOTION FOR SUMMARY JUDGMENT ON FOURTEENTH CAUSE OF ACTION;
WELFARE & INSTITUTIONS CODE  §§15600 et seq. AND RELATED CLAIMS FOR PUNITIVE DAMAGES AND
ATTORNEYS' FEES

## CERTIFICATE OF FILING AND SERVICE

I Sean Michael Park, undersigned  vice president of Plaintiff  Kokopelli Community Workshop Corporation  do hereby certify that on March 30, 2011, I filed an original signed copy of the above-and-foregoing;

PLAINTIFF BETTY BRYAN'S  MOTION FOR SUMMARY JUDGMENT  ON FOURTEENTH CAUSE OF ACTION;  WELFARE & INSTITUTIONS CODE  §§15600 et seq. AND RELATED CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES to the UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA and served a true and correct copy  by mail to;

And By First Class Mail, Postage Pre-paid, IN ENVELOPES ADDRESSED AS FOLLOWED:

**Select Portfolio Servicing  Inc. c/o Gwen H. Ribar**
Wright Finley and Zak
4665 MacArthur Court
Suite 280
Newport Beach, CA 92626

**Goldman Sachs  c/o Joseph E Floren**
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
Suite 3000
San Francisco, CA 94105

**Goldman Sachs  c/o Tricia Takagi**
Morgan Lewis and Bockius LLP
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132

**Select Portfolio Servicing  Inc. c/o  William J. Idleman**
Wright Finlay & Zak LLP
4665 MacArthur Court

– 11 –

1  Suite 280
   Newport Beach, CA 92660
2

3  Litton Loan Service
   MTGLQ Investors, LP
4   c/o Kalama Mark Lui-Kwan
   Severson & Werson A Professional Corporation
5  One Embarcadero Center
   Suite 2600
6  San Francisco, CA 94111

7
   Litton Loan Service
8  MTGLQ Investors, LP
   c/o Regina Jill McClendon
9  Severson and Werson
   One Embarcadero Center
10 Suite 2600
11 San Francisco, CA 94111-3714

12 **& BY  email to  each of the defense counsels of record  to the above entitled by as follows:**

13 ttakagi@morganlewis.com,

14  jfloren@morganlewis.com,

15  widleman@wrightlegal.net,

16  kml@severson.com,

17  rjm@severson.com,

18  gribar@wrightlegal.net,

19

20 **By:** _____

21 **SEAN M PARK**

22

23

24

25

26

27               **– 12 –**

28
   **MEMORANDUN IN SUPPORT OF  MOTION FOR SUMMARY JUDGMENT ON FOURTEENTH CAUSE OF ACTION;**
   **WELFARE & INSTITUTIONS CODE §§15600 et seq. AND RELATED CLAIMS FOR PUNITIVE DAMAGES AND**
   **ATTORNEYS' FEES**