UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOPOPELLI COMMUNITY WORKSHOP CORPORATION, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>  Defendants. | CASE NO. 10CV1605 DMS (RBB)<br><br>**ORDER DENYING PLAINTIFF BETTY BRYAN'S MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is Plaintiff Betty Bryan's (herein, "Plaintiff") motion for summary judgment on her claim against Defendants for elder abuse pursuant to California Welfare and Institutions Code § 15600, *et seq*. For the following reasons, Plaintiff's motion is denied.

**I.**

**BACKGROUND**

On November 7, 2005, Plaintiffs obtained a refinance mortgage loan from Novelle Financial Services ("Novelle") in the amount of $649,000.00, secured by a Deed of Trust on the subject property, which Plaintiff Betty Bryan purchased in 1950. (Goldman RJN Ex. 1.)[1] Plaintiff claims to have sent a notice of rescission to certain Defendants pursuant to the Truth in Lending Act, dated

---

[1] In support of its opposition to Plaintiff's motion for summary judgment, Goldman requests the Court to take judicial notice of certain documents. (Doc. 76.) As these documents have either been recorded in San Diego County or are publicly-filed legal documents, they are capable of accurate and ready determination and are therefore subject to judicial notice under Federal Rule of Evidence 201. Accordingly, Goldman's request for judicial notice is granted.

February 5, 2007. Subsequent to the alleged notice of rescission, Plaintiff made an additional approximately $80,000 in payments to Defendant Select Portfolio Servicing, Inc. ("SPS"). Nonetheless, Quality Loan Service Corporation, as agent for Beneficiary Novelle, issued a Notice of Default, which was recorded on June 19, 2008. (*Id.* at Ex. 2.) Plaintiffs filed a Complaint in San Diego Superior Court on November 3, 2008. (*Id.* at Ex. 6.) An Assignment of the Deed of Trust transferring the Deed to MTGLQ Investors, LP was signed on October 21, 2008 and recorded on December 15, 2008. (*Id.* at Ex. 3.) Plaintiff Betty Bryan filed for Chapter 13 bankruptcy on November 4, 2008. On March 23, 2009, Plaintiffs Betty Bryan and Catherine Bryan recorded a Grant Deed deeding their interest in the subject property to Kokopelli Community Workshop Corporation. (*Id.* at Ex. 4.) A Trustee's Deed Upon Sale was recorded on October 30, 2009, granting to MTGLQ Investors, LP all interest in the subject property under the Deed of Trust. (*Id.* at Ex. 5.) This action was removed to this Court on August 2, 2010. (Doc. 1.)

## II.

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories,

1  and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of
2  a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(citation omitted).
3  Where the moving party fails to carry its initial burden of production, the opposing party has no
4  obligation to produce anything in opposition to the motion. *See Nissan Fire & Marine Ins. Co., Ltd.*
5  *v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

**III.**

**DISCUSSION**

8  Plaintiff moves for summary judgment solely on her claim for elder abuse pursuant to
9  California Welfare and Institutions Code § 15600, *et seq*. Plaintiff argues "records show all defendants
10 were fully informed as to plaintiff Betty Bryan['s] fragile state and challenging medical condition; yet
11 nonetheless engaged in and continue to engage in an unfair pattern and practice of tortious actions of
12 wrongfully depriving Plaintiff Betty Bryan of her equity, home and property, thereby establishing
13 Plaintiff Betty Bryan['s] case for punitive damages and further unfairly deprived Plaintiff Betty Bryan
14 of costly medical care and persisted in tormenting plaintiff with a wrongful attempt to evict her from
15 her home of 60 years while knowing that she lay in her sickbed recovering from painful surgery."
16 (MSJ at 7.) Plaintiff further argues, without citation, that SPS has "admitted to some liability for elder
17 financial abuse, so it is only the amount of defendant SPS liability which must be judicially
18 determined." (*Id.* at 4.)

19 "Abuse of an elder or a dependent adult" means either "(a) Physical abuse, neglect, financial
20 abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or
21 mental suffering. [or] (b) The deprivation by a care custodian of goods or services that are necessary
22 to avoid physical harm or mental suffering." Cal. Welf. & Inst. Code § 15610.07. Financial abuse of
23 an elder occurs when an entity "[t]akes, secretes, appropriates, obtains, or retains real or personal
24 property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." *Id.* at §
25 15610.30.

26 In her moving papers, Plaintiff makes no citations to portions of the record which she believes
27 demonstrate the absence of a genuine issue of material fact. Plaintiff's argument in support of her
28 motion for summary judgment is essentially that she sent a notice of rescission and qualified written

- 3 -                                                                                                10cv1605

request to Defendant SPS on February 5, 2007, as well as subsequent notices of rescission to various Defendants,[2] which automatically rescinded the loan and that Defendants' subsequent conduct in failing to adequately respond to her rescission and in initiating and proceeding with the nonjudicial foreclosure process was fraudulent and constituted financial elder abuse in light of Plaintiff's rescission of the loan. (*See* MSJ, Reply to Goldman Opp.) Plaintiff's argument, however, is fundamentally flawed. Contrary to Plaintiffs' assertion, rescission under TILA is not automatic unless the creditor acquiesces to the rescission, which clearly did not occur here. Rather, "rescission under § 1635(b) is an ongoing process consisting of a number of steps." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003). "[U]nder the statute and the regulation, the security interest 'becomes void' only when the consumer 'rescinds' the transaction. In a contested case, this happens when the right to rescind is determined in the borrower's favor." *Id.* at 1172. Although the Court has held that Plaintiff has stated a plausible claim for rescission in her Third Amended Complaint, Plaintiff's rescission was not automatic and, accordingly, there are genuine issues of material fact as to whether the conduct of Defendants subsequent to Plaintiff's alleged rescission of her loan constituted elder abuse within the meaning of the California Welfare and Institutions Code. Furthermore, a claim for elder financial abuse requires a showing that Defendants took Plaintiff's property "for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30. Plaintiff alleges and concludes Defendants did so, but points to no evidence in the record establishing such motive on behalf of Defendants.

Despite Plaintiff's failure to satisfy her initial burden in moving for summary judgment, Defendants SPS and Koch filed an opposition to Plaintiff's motion, in which they argue a genuine issue of fact exists as to whether they took, secreted, appropriated, or retained Plaintiff's property in bad faith. (Doc. 72) Defendants argue there is a genuine issue of fact as to whether SPS ever received Plaintiff's alleged February 5, 2007 correspondence and submit a Declaration stating no such

---

[2] Plaintiff states she sent notices of rescission to MTGLQ on June 12, 2009 and September 3, 2009. (*See* Memo. in Opp. to Litton/MTGLQ Mot. for Denial at 22.) Plaintiff also attaches purported notices of rescission sent to SPS on March 12, 2007 and August 29, 2007 to her Reply to Goldman's opposition. (Reply to Goldman Opp. Exs. IV-V.) Plaintiff further states she gave Defendants notice of her rescission when she filed an initial Complaint in State Court on November 3, 2008. (*Id.* at 12.)

correspondence was in fact received by them. (Weinberger Decl. ¶¶ 9-10.)[3] Goldman Sachs Mortgage Company ("Goldman") also filed an opposition, arguing Plaintiff has pointed to no evidence in the record indicating Goldman was in fact involved in her loan. The only evidence pointed to by Plaintiff in support of her allegations as to Goldman is a July 6, 2009 letter from Defendant Stephen C. Wichmann on behalf of The Impac Companies stating it had no records of Plaintiff's mortgage loan transaction and suggesting Plaintiff contact Goldman Sachs. (*See* Reply to Goldman Opp. at 25.) Goldman argues this letter is inadmissible hearsay. (Goldman Sur-Reply at 3.) Regardless, even if admissible, this single letter is insufficient to support a claim for summary judgment as to Goldman. Moreover, for the reasons set forth in its Order on Goldman's motion to dismiss, Plaintiff has failed to allege sufficient facts in support of its claim that Goldman is liable to her based on its agency or parent/subsidiary relationships with other named Defendants, let alone demonstrated an absence of a genuine question of material fact as to Goldman's liability.[4]

Accordingly, although Plaintiff may ultimately prevail on her claim for elder abuse and although the Court is sympathetic to Plaintiff's health condition, there are genuine issues of material fact which prevent the Court from granting Plaintiff's motion for summary judgment at this stage in the proceedings.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on her claim for elder abuse in violation of California Welfare and Institutions Code § 15600, *et seq*, is **denied.**

**IT IS SO ORDERED.**

DATED: August 9, 2011

HON. DANA M. SABRAW
United States District Judge

---

[3] Plaintiff filed an *ex parte* motion to strike Defendant SPS's opposition to her motion for summary judgment and to strike the Declarations of William Idelman and Diane Weinberger filed by SPS. (Doc. 84.) Plaintiff's *ex parte* motion is **denied**.

[4] Defendants Litton and MTGLQ filed a motion for denial or continuance of Plaintiffs' motion for summary judgment. (Doc. 71.) Plaintiff filed an opposition to this motion. (Doc. 78.) Because the Court herein finds that Plaintiff has failed to meet her burden in showing she is entitled to summary judgment, this motion is **denied as moot**.