FILED
2012 AUG 21  AM 7:35
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY BRYAN, an individual; and CATHERINE BRYAN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MTGLQ INVESTORS, LP, et al,<br><br>                    Defendants. | CASE NO. 10cv1605-CAB(KSC)<br><br>**ORDER DENYING DISCOVERY MOTIONS AND EX PARTE APPLICATIONS;**<br><br>**CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>[Doc. Nos. 153, 154, 158, 181, 182, 200] |

     Plaintiffs have filed four separate discovery motions or ex parte applications. [Doc. Nos. 153, 154, 158, 200.] In all of their moving papers, plaintiffs seek to delay or avoid their discovery obligations under the Federal Rules of Civil Procedure. Plaintiffs also complain about "improper service" of discovery and other documents by defendants. They claim they have not received various documents, including discovery requests propounded by the defendants. As a result, they seek an order compelling defendants to provide them with the "missing" documents. In addition, defendants filed an Ex Parte Application for an Order Compelling Plaintiffs to Appear at Deposition and to Respond to Requests for Production of Documents, Set One. [Doc. No. 181, 182, 186.] For the reasons outlined more fully below, the Court finds that all of these motions and ex parte applications must be DENIED for failure to satisfy

meet and confer requirements. However, pursuant to Rule 16(b) and in the interests of moving the case toward a trial on the merits, the Court makes the following findings and orders:

1. **_Meet and Confer Requirements_**. Under Rule 37 (a), any party filing a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37 (a)(1). Rule 26 (c)(1) also requires any party filing a motion for a protective order to submit "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c)(1). In addition, Local Rule 26.1(a) states as follows: "The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues. If counsel for the moving party seeks to arrange such a conference and counsel for the party against whom the motion is made willfully refuses or fails to meet and confer, the judge (in absence of a prior order dispensing good cause with such a meeting) may order a payment of reasonable expenses, including attorney's fees, pursuant to Rule 37, Fed. R. Civ. P. and Civil Local Rule 83.1. If counsel have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone. Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." CivLR 26.1(a).

Based on all of the papers filed by plaintiffs and defendants, it is apparent that the parties did not satisfy the meet and confer requirements before filing their discovery disputes with the Court. Plaintiffs and defendants appear to be avoiding face-to-face or telephone contact with one another. In addition, the parties have not followed Chambers Rules. Chambers Rules are available to all parties via the Court's website at www.casd.uscourts.gov. Under most circumstances, the Court resolves scheduling matters and discovery disputes which are filed by the parties as joint motions. Ex parte applications are only permitted under limited circumstances. Therefore, all of the above-listed motions and/or ex parte applications are DENIED for failure to satisfy meet and confer requirements. The Court will also DENY any future ex parte applications or motions filed if the parties do not first satisfy the meet and confer requirements or follow Chamber Rules related to the resolution of discovery disputes.

///

From this point forward, a party seeking to satisfy the meet and confer requirements in this case may not request to meet and confer with an opposing party without providing the opposing party with a list of at least six dates and times when the requesting party is available to meet. The opposing party must promptly respond whether they are available on any of those dates and times, and if not, must provide a list of at least six dates and times the party is available to meet. This process must continue in good faith until a mutually convenient date is established for the parties to meet and confer as to each and every disputed issue.

If a discovery or scheduling dispute cannot be resolved by the parties after a *meaningful* meet and confer session, the parties *must* promptly seek the Court's assistance by filing a joint motion for determination of discovery or scheduling dispute as outlined in Judge Crawford's Chambers Rules, which are available on the Court's website at www.casd.uscourts.gov. A copy of Judge Crawford's Chambers Rules is attached to this Order for the convenience of the parties.

2. **_Plaintiffs' Address of Record for Service of Process_**. In their moving and opposing papers, plaintiffs repeatedly complain that they have not received copies of court documents, correspondence, and discovery requests, because they are temporarily away from their address of record in Carlsbad. Based on the papers submitted, it appears that plaintiffs are living in Los Angeles at the home of their daughter/granddaughter on a temporary basis because of plaintiff Betty Bryan's health problems. Plaintiffs represent that they did not receive copies of numerous documents, because they were away from their Carlsbad residence and had mail stolen from their residence under mysterious circumstances. Plaintiffs also claim they were advised by the attorney they allegedly retained to represent them as of October 14, 2011 that defendants could not contact them directly and would be required to serve any litigation documents at counsel's office rather than their residence.

After discovering at the end of March 2012 that they were not represented by counsel, plaintiffs state that they arranged for their mail to be held at the post office in Carlsbad in an attempt to ensure they receive their legal mail. They then call the post office daily to find out what mail has been delivered, and some time thereafter, drive to Carlsbad to pick up the mail. It is unclear how often plaintiffs pick up mail at the post office in Carlsbad. This arrangement has apparently not resolved plaintiffs' complaints that they are not receiving copies of litigation-related documents in the mail. On June 18,

- 3 -

10cv1605-CAB(KSC)

2012, plaintiffs submitted yet another Ex Parte Application for Relief to complain they had not received defendants' "opposition pleadings" in their mail at the Carlsbad post office. [Doc. No. 200, at p. 2-3, filed Aug. 9, 2012.]

Plaintiffs are advised that: "A party proceeding pro se must keep the court and opposing parties advised as to current address." Civ.LR Rule 83.11(b). Plaintiffs cannot satisfy this requirement by providing an address where mail is not picked up on a regular basis. In addition, "[t]he law of this circuit is clear. We go by the 'mail box rule.' Proper and timely mailing of a document raises a rebuttable presumption that the document has been timely received by the addressee." *Lewis v. U.S.* 144 F.3d 1220, 1222 (9th Cir. 1998). "Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee. . . . The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." *In re Bucknum* 951 F.2d 204, 207 (9th Cir. 1991). **_The Court will apply this presumption for any and all documents served after the date this Order is filed_**.

"[T]he duty to diligently prosecute belongs to the plaintiff, not the defendant." *Samman v. Conyers*, 231 F.R.D. 163, 165 (S.D.N.Y. 2005). Although plaintiffs are being given the benefit of the doubt, which will not be extended again, it is simply incredulous that they left their residence from October 14, 2011, when they believed counsel was acting in their interests, until March 27, 2012 without contacting their counsel for an update on the status of their case. Apparently, plaintiffs also left their residence without leaving their own counsel with a means to contact them about matters related to the litigation. Further, had plaintiffs maintained regular contact with their attorney, they would have learned that counsel had not filed a substitution of attorney form in the Court's docket. Because no substitution of attorney form was filed with the Court, plaintiffs' Carlsbad residence continued to be the only "address of record" for the service of important documents related to the litigation. As a result, it was their responsibility to make sure mail was picked up at their residence on a regular basis even though they were away from home. It is through no fault of defendants that plaintiffs did not receive mail related to the litigation while they were away from their residence.

It is also apparent that plaintiffs have access to the internet. The papers submitted show plaintiffs have used the internet on many occasions to send e-mails to defense counsel. The public has access to

the Court's docket at a minimal cost at http://www.pacer.gov, and the public can also review documents filed with the Court at no cost in the Clerk's Office at the courthouse during regular business hours. Therefore, the Court declines to order defendants to provide plaintiffs with copies of "missing documents" filed with or by the Court between October 14, 2011 until March 27, 2012, or to order defendants to provide plaintiffs with duplicate service of all documents by e-mail.

*No later than September 7, 2012*, plaintiffs shall provide the Court and opposing parties with an address of record where mail is picked up at least 2 to 3 times per week without fail. This information shall be provided in the form of a Notice of Current Address for Service of Process or Notice of Change of Address for Service of Process and shall be filed with the Court and served on all counsel of record. The address provided must allow defendants to track receipt of the documents they serve on plaintiffs using a "return receipt requested" or some other tracking method. In other words, an unattended post office box will not be sufficient to satisfy Local Rule 83.11(b).

*No later than September 7, 2012*, plaintiffs shall call the offices of all counsel of record and provide them with a telephone number where plaintiffs can be reached between 9 a.m. and 5 p.m. on weekdays or where a message can be left for them during these hours. Plaintiffs must retrieve their messages on a daily basis. Plaintiffs shall return all phone calls from defense counsel with 24 hours from the date and time a message is left for them.

Defendants are directed not to send documents to plaintiffs via a delivery service that leaves packages outside a residence or on a doorstep. All service must be sent to plaintiffs via the U.S. Postal Service. If plaintiffs comply with the Court's Order to provide a current address, defendants shall *no later than September 14, 2012* re-serve plaintiffs with any and all of the written discovery requests that they mailed to plaintiffs between October 14, 2011 and March 27, 2012. Because it is apparent plaintiffs received it, it is not necessary for defendants to re-serve plaintiffs with the notice setting Betty Bryan's deposition for March 28, 2012. [*See* Doc. No. 150.] Plaintiffs shall provide written responses to all outstanding discovery requests *no later than October 12, 2012*.

3. ***Plaintiffs' Search for Counsel***. Plaintiff Catherine Bryan recently submitted a Declaration indicating she has contacted several attorneys who are considering whether to represent plaintiffs in this litigation. [Doc. No. 158-2, at p. 4.] *No later than September 28, 2012*, plaintiffs must

1  retain an attorney to represent them and file a completed substitution of attorneys form with the Court.
2  If they are unable to do so by this deadline, they are obligated to diligently prosecute the action as pro
3  se plaintiffs and fully participate in the discovery process. *Samman*, 231 F.R.D. at 165. "Any person
4  who is appearing propria persona, (without an attorney) (i.e. pro se) must appear personally for such
5  purpose and may not delegate that duty to any other person, . . . [including] another party on the same
6  side appearing without an attorney. Any person appearing propria persona is bound by these rules of
7  court and by the Fed. R. Civ.P. . . . Failure to comply therewith may be grounds for dismissal or
8  judgment by default." CivLR 83.11(a). "[P]rejudice to the defendants from unreasonable delay may
9  be presumed." *Samman*, 231 F.R.D. at 165.

10       4.    **_Rule 26(f) Conference and Initial Disclosures_**. Unless the Court orders otherwise, "[a]
11  party may not seek discovery from any source before the parties have conferred as required by Rule
12  26(f)." Fed.R.Civ.P. 26(d). Following the Early Neutral Evaluation Conference on October 17, 2011,
13  the Court ordered the parties to complete a Rule 26(f) conference on or before November 7, 2011, and
14  to make initial disclosures pursuant to Rule 26(a)(1)(A-D) on or before November 21, 2011. [Doc. No.
15  119.] In addition, the Court issued a Case Management Order on October 17, 2011 which required the
16  parties to complete discovery on or before June 11, 2012. [Doc. No. 118.]

17       After the Court set these deadlines, defendants tried unsuccessfully to reach plaintiffs by written
18  correspondence to set up a Rule 26(f) conference. Defendants therefore sought and received ex parte
19  relief from the Court to commence discovery. [Doc. Nos. 126, 127, 129, 130.] Defendants then
20  attempted to complete discovery by serving plaintiffs with written discovery requests and deposition
21  notices, but plaintiffs failed to appear for noticed depositions and to respond to written discovery
22  requests.

23       As noted above, plaintiffs claim they did not receive most of defendants' written discovery
24  requests or copies of the Court's case management orders sent to them between October 14, 2011 and
25  March 27, 2012, because they were away from their residence and apparently did not maintain contact
26  with the attorney they thought they retained to represent them as of October 14, 2011. In addition,
27  plaintiffs claim that their mail disappeared under mysterious circumstances. As a result, there was no
28  ///

1   Rule 26(f) conference, and it appears none of the parties provided initial disclosures as ordered by the
2   Court in the Order filed October 17, 2011. [Doc. No. 119.]
3       To the extent they have not already done so, the parties shall provide in written form the initial
4   disclosures required by Rule 26(a)(a)(A-D) ***no later than October 12, 2012***. The Court declines to reset
5   a deadline to complete a Rule 26(f) conference or to permit any further delay in the discovery process
6   because the parties did not complete the conference as previously ordered.  Based on the papers
7   submitted in connection with the parties' pending motions and ex parte applications, a Rule 26(f)
8   conference would not be productive at this time.
9       5.   ***Deposition Notices and Requests for Production of Documents***.  On April 2, 2012,
10  plaintiffs filed an Emergency Ex Parte Motion for Cancellation or Change to Deposition Schedule.
11  Plaintiffs argued that Betty Bryan should not be required to appear for her noticed deposition because
12  of her advanced age and poor health. [Doc. No. 132.] Plaintiffs' Ex Parte Application was denied, in
13  part, because plaintiffs failed to provide verifiable evidence of Betty Bryan's mental and physical
14  condition. [Doc. No. 150, at pp. 8-11.] However, the Court ordered defendants to accommodate Betty
15  Bryan by restricting the time allowed to question her and by giving her the option to appear for her
16  deposition at home or at a location no greater than ten miles from her home. [Doc. No. 150, at p. 11.]
17      On May 10, 2012, defendants served another deposition notice on Betty Bryan and a set of
18  requests for production of documents. The notice set Betty Bryan's deposition for May 31, 2012 at a
19  location in Carlsbad, presumably not greater than ten miles from her address of record. [Doc. Nos. 178-
20  7.] At this time, defendants also served Catherine Bryan with a deposition notice and a set of requests
21  for production of documents. The notice set Catherine Bryan's depositions for June 1, 2012. [Doc. No.
22  178-8.] An amended notice was served on Catherine Bryan on May 17, 2012, again setting her
23  deposition for June 1, 2012. [Doc. No. 178-8.] Betty Bryan did not appear on May 31, 2012. [Doc. No.
24  178-9.] Catherine Bryan did not appear on June 1, 2012. [Doc. No. 178-10.] Rather, on May 18, 2012
25  and again on May 23, 2012, plaintiffs filed Ex Parte Applications seeking orders from the Court
26  excusing them from appearing for their depositions and objecting to defendants' document production
27  requests as overly broad. [Doc. Nos. 154, 158.]
28  ///

Although leniency is generally afforded to pro se litigants, all litigants have an obligation to comply with court rules. *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). As noted above, plaintiffs must retain an attorney to represent them and if they are unable to do so within a reasonable time, they are obligated to diligently prosecute the action as pro se plaintiffs and fully participate in the discovery process, including their own depositions. *Samman*, 231 F.R.D. at 165.

Rule 30(a)(1) provides that: "A party may, by oral questions, depose any person, ***including a party***, without leave of court." Fed.R.Civ.P. 30(a)(1) (emphasis added). Depositions are not optional. Rule 37(d) indicates that sanctions are appropriate if a party "fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed.R.Civ.P. 37(d)(1)(A)(i). As noted above, terminating sanctions may also be imposed if a party fails to comply with the Federal Rules of Civil Procedure. In short, absent a protective order under Rule 26(c), defendants are entitled to take depositions of both plaintiffs. Plaintiffs cannot refuse to appear for a deposition simply because they are unable to obtain counsel. Any further requests by plaintiffs for a protective order excusing plaintiff Betty Bryan from appearing for her deposition must be accompanied by verifiable medical evidence from a competent health care provider establishing she is incapacitated and is unable to respond to questions.

As noted above, defendants' most recent deposition notices were served concurrently with Requests for Production of Documents. However, plaintiffs have not responded to these requests, because they claim they are overly broad and unreasonable. Rule 26(b)(1) provides in part as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c)(1).

Under Rule 34(a), "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect [and] copy . . . (A) any designated documents or electronically stored information . . . ." Fed.R.Civ.P. 34(a)(1)(A). A

request for production of documents "must describe with reasonable particularity each item or category of items to be inspected. . . ." Fed.R.Civ.P. 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed.R.Civ.P. 34(b)(2)(A). "For each item or category [of documents requested], the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). Monetary and other sanctions, including terminating sanctions, may be imposed against parties who fail to respond to discovery requests. Fed.R.Civ.P. 37(a); 41(b).

Defendants' document production requests, which were served on plaintiffs on May 10, 2012 and again on May 17, 2012, are not "overly broad" or unreasonable as plaintiffs complain. These requests seek documents which fall within the relevance standard of Rule 26(b)(1). In any event, plaintiffs were obligated to provide written responses to these requests, including any objections they might have, such as an objection that they do not have possession of the requested documents and that the documents can be found in public records, or that the documents have already been produced as a specific exhibit to a document already filed with the Court. Instead, plaintiffs provided no written responses whatsoever and did not make any documents available for inspection and copying as required by Rule 34(a)(1)(A).

*__No later than October 12, 2012__*, plaintiffs shall provide defendants with six different dates and times when they are available for deposition. Defendants shall then re-serve plaintiffs with deposition notices that comply with any applicable Federal Rules and prior Orders of this Court.

*__No later than October 12, 2012__*, plaintiffs shall serve written responses to the requests for production of documents served on them by defendants on May 10, 2012 and May 17, 2012. Within seven days thereafter, plaintiffs shall make any documents in their possession or in the possession of their counsel available to defendants for inspection and copying.

Plaintiffs' failure to appear for noticed depositions and to respond to written discovery requests strongly suggests plaintiffs are simply unwilling to participate in the discovery process. If plaintiffs continue to avoid their discovery obligations, they are forewarned that this Court will consider the imposition of monetary sanctions under Federal Rule 37, and/or recommend terminating sanctions

1  pursuant to Federal Rule of Civil Procedure 41(b).[1]  The sanction of dismissal under Rule 41(b)
2  "operates as an adjudication on the merits." Fed.R.Civ.P. 41(b). Evidence of failure to prosecute an
3  action includes a pattern of dilatory tactics, allowing a case to lie dormant with no significant activity,
4  groundless motions, persistent untimeliness, and repeated requests for continuances. *Lyell Theatre*
5  *Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir.1982).

6      6.    **_Plaintiff's Betty Bryan's Competency and Representation_**. An incompetent person
7  cannot bring or prosecute an action in federal court in his or her own name but must instead proceed
8  through a guardian or conservator. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).
9  In addition, a person who is not an attorney cannot bring or prosecute an action in federal court on behalf
10 of a person who is incompetent. In other words, an incompetent person must not only appear through
11 a conservator or some other representative but must also be represented by counsel. *Id.* at 876. The
12 Court "may not properly . . . make a merits determination of claims filed on behalf of a minor or
13 incompetent person who is not properly represented." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130,
14 133-134 (2d Cir. 2009.) The possibility of a binding contract of settlement is also precluded if one of
15 the parties is incompetent and not properly represented. *United States v. 30.64 Acres of Land*, 795 F.2d
16 796, 805 (9th Cir.1986). Therefore, if counsel cannot be retained to represent an incompetent person,
17 the case should not go forward at all, and the appropriate remedy is to dismiss the incompetent person's
18 claims without prejudice. *Johns*, 114 F.3d at 877. The rationale behind the rule is that the "choice to
19 appear pro se is not a true choice" for someone who is incompetent, and if incompetent persons have
20 claims to be adjudicated, they are "entitled to trained legal assistance so their rights may be fully
21 protected." *Id.* at 876.

22      Incompetence can be established by showing that a litigant "may be suffering from a condition
23 that materially affects his ability to represent himself . . . to consult with his lawyer with a reasonable
24 degree of rational understanding . . . or otherwise to understand the nature of the proceedings." *United*
25 *States v. 30.64 Acres of Land*, 795 F.2d at 805. A claim or finding of incompetence must be supported
26 by verifiable, "meaningful evidence." *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1196 (9th

---

[1] A defendant may move to dismiss any action against it "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).

1  Cir.2001). The Court should conduct an evidentiary hearing if there is a substantial question as to
2  whether one of the parties is incompetent. *Krain v. Smallwood,* 880 F.2d 1119, 1121 (9th Cir.1989).
3  However, if the litigant refuses to cooperate, the District Court "may dismiss the case without
4  prejudice." *Id.*

5        On numerous occasions in their moving and opposing papers, plaintiffs have indicated that Betty
6  Bryan is too ill to appear in court and is not competent to be deposed. [*See, e.g.,* Doc. No. 153-1, at pp.
7  2-6, 12-13, 29-30.] Catherine Bryan recently submitted a Declaration stating she is seeking to be
8  appointed as Betty Bryan's conservator, and she believes this will allow her to represent Betty Bryan's
9  interests in this case. [Doc. No. 158-2, at p. 3.] On other occasions, plaintiffs have represented that
10 "Betty Bryan agrees to and personally signs every pleading." [*See, e.g.,* Doc. No. 178-6, at p. 4.] In other
11 words, plaintiffs' moving and opposing papers indicate there is a substantial question as to whether Betty
12 Bryan is competent to represent her own interests in this action, whether she is properly represented, and
13 whether she is able to participate in the discovery process. Unsupported, self-serving statements made
14 in declarations filed by plaintiff Catherine Bryan are not enough to resolve these questions about plaintiff
15 Betty Bryan's current mental state or physical condition.

16       **No later than October 12, 2012**, plaintiffs shall submit verifiable, meaningful evidence from a
17 competent health care provider of plaintiff Betty Bryan's current physical and mental condition. A
18 declaration by either of the plaintiffs shall not be considered verifiable, meaningful evidence. If
19 Catherine Bryan has indeed submitted an application or other pleading in state court to be named as
20 Betty Bryan's conservator, her moving papers filed in state court, and any supporting documents, as well
21 as any ruling on the issue, shall also be submitted to this Court **no later than October 12, 2012**. This
22 evidence shall be filed as exhibits to a document entitled "Notice of Plaintiff Betty Bryan's Current
23 Physical and Mental Condition." If plaintiffs fail to submit verifiable, meaningful evidence of Betty
24 Bryan's current physical and mental condition, this Court will recommend to the District Court that her
25 claims in this action be dismissed without prejudice. In addition, if the evidence submitted indicates
26 Betty Bryan is indeed incompetent but is unrepresented by counsel, this Court will recommend to the
27 District Court that her claims in this action be dismissed without prejudice.
28 ///

1  7. **_Requests for Admissions_**. On June 26, 2012, plaintiffs filed an Ex Parte Motion which appears to be an objection to evidence presented by defendants in support of a summary judgment motion. In the Motion, plaintiffs appear to request that the Court strike defendants' citation to a "request for admissions." [Doc. No. 176, at p. 1.] Plaintiffs claim they "never took receipt of these documents nor did they ever arrive to the City of Carlsbad by mail according to the Postmaster...." [Doc. No. 176, at p. 3.] In their Opposition to this Motion, defendants argue plaintiffs should not be granted any relief as to matters deemed admitted pursuant to Federal Rule 36(a)(3), because defendants adhered to the Federal Rules, and plaintiffs failed to respond. [Doc. No. 187, at p. 3.]

  In their Motion for Summary Judgment filed on June 19, 2012, defendants argue that plaintiffs have no grounds to pursue claims against them, because they failed to timely respond to requests for admissions and the matters requested therein are deemed admitted pursuant to Rule 36(a). In support of their argument, defendants submitted a declaration stating both plaintiffs were served with a document entitled First Set of Requests for Admissions on April 24, 2012 via overnight delivery and U.S. Mail. According to the declaration, plaintiffs' responses were due on or before May 25, 2012, but plaintiffs failed to respond. [Doc. No. 174-4, at p. 2.]

  "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed.R.Civ.P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits...." Fed.R.Civ.P. 36(b).

///

***No later than October 19, 2012***, plaintiffs may seek relief from the Court as to matters deemed admitted based on their failure to respond to the requests for admissions served by the defendants. Before doing so, plaintiffs must first satisfy the meet and confer requirements as outlined above, and must file their motion as a "joint motion for determination of discovery dispute" according to Judge Crawford's Chambers Rules which can be found on the Court's website at www.casd.uscourts.gov. A copy of Judge Crawford's Chambers Rules is also attached to this Order for the convenience of the parties. In the joint motion, plaintiffs must explain the reasons why they believe they should be granted relief under the standard set forth in Federal Rule of Civil Procedure 36(b) and allowed another opportunity to respond to defendants' requests for admission.

8. All remaining dates in the Case Management Conference Order filed October 17, 2011, including the discovery cutoff of June 11, 2012, are temporarily vacated. Counsel and unrepresented parties shall appear **telephonically** on ***November 2, 2012 at 9:30 a.m.*** before Magistrate Judge Crawford for a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b). Defense counsel shall initiate the telephonic conference. ***No later than October 26, 2012***, plaintiffs shall by telephone and e-mail provide defendants' counsel with the telephone number where they can be reached for their appearance at the Case Management Conference. The purpose of the conference is to set a timetable and schedule for future proceedings and discovery and to explore possibilities for settlement. Failure to comply with this Order will result in the imposition of sanctions.

IT IS SO ORDERED.

Date: Aug. 20, 2012

KAREN S. CRAWFORD
United States Magistrate Judge